# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1310V
Filed: January 28, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| TREVOR TAYLOR, | \* |
| | \* |
| Petitioner, | \*    Dismissal; Statute of Limitations; |
| v. | \*    Untimely; Equitable Tolling |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Trevor Taylor*, pro se, Ann Arbor, MI, petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On November 3, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner suffered Gulf War Illness ("GWI") resulting from vaccinations he received in the military. For the reasons discussed below, petitioner's claim is hereby **DISMISSED**.

## I.  Factual and Procedural History

Acting *pro se*, Mr. Taylor filed a petition on his own behalf on November 3, 2015. (*See* Petition ("Pet"), ECF No. 1.) The petition alleged that Mr. Taylor suffers from a condition known as Gulf War Illness or "GWI." (Pet at 1.) Mr. Taylor's petition did not

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

specifically allege that his Gulf War Illness was caused by a vaccine; however, he questioned "why are American Veterans being given poisonous inoculations." (*Id*.)  Mr. Taylor's petition also did not specifically address the onset of his alleged vaccine injury. The petition did, however, indicate that he has suffered the complained-of GWI for 25 years. (Pet at 2.)  Mr. Taylor requested assistance paying his court costs. (Pet at 1.)

Accompanying his petition, Mr. Taylor also filed 10 pages of medical records from military service without exhibit designation. (*See* ECF No. 1, Attachment No. 1. ("ECF No. 1-1.")) The records are for a Trevor Alan Moeller. (*Id.*)  According to the petition, petitioner was formerly known as Trevor Moeller and these records are U.S. army medical records for Desert Storm.[3] (Pet at 2.)

The records indicate that Mr. Moeller received typhoid and tetanus-diphtheria vaccinations on February 12, 1991.  (ECF No. 1-1, p. 9.)  Additional "ISG" and polio vaccinations are noted as being administered in February, but the day and year are illegible. (*Id*. at 10.)  There is also a notation appearing under "cholera vaccine," but that notation is not legible. (*Id*. at 9.)

On November 5, 2015, the undersigned issued an Order to Show Cause. (ECF No. 4.)  The Order to Show Cause explained that compensation is limited to claims brought for injuries sustained from Program-covered vaccines and which are brought within the time period prescribed by the Vaccine Act. (*Id*. at 1-2.) Petitioner was ordered to file an amended petition alleging a timely injury from a Program-covered vaccine, or otherwise show cause for why the petition should not be dismissed.[4] (*Id*. at 2.)  To the extent petitioner had requested assistance with court costs, the Order to Show Cause directed petitioner to the necessary *In Forma Pauperis* application. (*Id*. at 2.)

On November 20, 2015, Mr. Taylor filed a motion to proceed *in forma pauperis* with accompanying information regarding his 2015 social security disability benefits. (ECF No. 5.)  That motion was granted. (ECF No. 8.)

On November 20, 2015, Mr. Taylor also filed an amended petition. (*See*, Amended Petition ("Am. Pet."), ECF No. 6.)  The amended petition alleges that Mr. Taylor's polio and tetanus vaccinations caused or contributed to his Gulf War Illness, as well as additional sicknesses such as Disk Degenerative Disease. (Am. Pet. at 1.)  The amended petition also alleges that "this is a timely filing even though it far surpasses the regular deadline due to the nature of the illnesses that were caused – and said illnesses prevented earlier filings due to incapacitation (please see my medical records with the Social Security Administration)." (Am. Pet. at 1.)  The amended petition was

---

[3] Mr. Taylor indicated, however, that he was recalled and served only in Germany and was never deployed to the Gulf. (Pet at 2.)

[4] In his initial petition, Mr. Taylor requested assistance from a third party in the event his petition was considered insufficient. (Pet. at 1.)  For that reason, the Order to Show Cause also provided Mr. Taylor with a list of attorneys practicing in the Program.  (ECF No. 4, p. 2.)  However, on November 16, 2015, Mr. Taylor e-mailed the staff attorney managing this case and indicated that he did not wish to have counsel.

accompanied by the same vaccination record filed with the original petition. (*See* ECF no. 6, Attachment No. 1.)

Although petitioner's amended petition introduced allegations stemming from Program-covered vaccines, this is inadequate in light of all the circumstances of this case.

## II.     Discussion

As noted in the previously-issued Order to Show Cause, for vaccines administered after October 1, 1988, "if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be brought under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset." *See* §16(a)(2).  In his amended petition, Mr. Taylor himself characterizes his claim as "far surpass[ing] the regular deadline" (Am. Pet. at 1) and, indeed, his initial petition indicated that he has suffered his alleged condition for fully 25 years. (Pet at 2.)

Nonetheless, petitioner also contends that his claim should be considered timely due to his incapacitation. (Am. Pet. at 1.)  The undersigned construes this contention as an argument based on the concept of equitable tolling.[5]  Petitioner has failed, however, to establish a basis for equitable tolling in this case.

Equitable tolling may occur under the Vaccine Act, but only where "extraordinary circumstances" are present. *Cloer v. HHS*, 654 F.3d 1322, 1344-45 (Fed. Cir. 2011) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418).  It does not apply simply because the statute of limitations deprives a petitioner of his claim. *Id*. at 1344.

Federal courts allow equitable tolling only "sparingly" and generally provide such relief only where a litigant has "actively pursued his judicial remedies" or where he "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. Veterans Affairs*, 498 U.S. 89, 96 (1990).  Indeed, the Supreme Court has cautioned that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).

---

[5] There are two commonly cited legal principles that address the late filing of claims, the discovery rule and equitable tolling.  The two are often confused, but are distinct. *See, e.g. Garcia v. Brockway*, 526 F.3d 456, 465 (9th Cir. 2008).  The discovery rule extends the applicable statute of limitation until such time as the plaintiff knows of both the existence and cause of his injury. *Id*.  Equitable tolling, however, addresses a different type of circumstance wherein the plaintiff knows of his injury and his statute of limitation has run, but he was prevented despite his diligence from acting on his claim. *See, e.g. Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).  Significantly, in binding precedent, the Federal Circuit has held that equitable tolling, but not the discovery rule, is available to petitioners under the Vaccine Act. *See Cloer v. HHS*, 654 F.3d 1322 (Fed. Cir. 2011).

It is possible for mental or physical incapacity to serve as a basis for equitable tolling. [6] *See, e.g. Barrett v. Principi*, 363 F.3d 1316 (Fed. Cir. 2004); *Brown v. Parckchester South Condominiums*, 287 F.3d 58 (2nd Cir. 2002). However, the Federal Circuit has made clear that in order to warrant equitable tolling, a physical disability must prevent the individual "from engaging in 'rational thought or deliberate decision making' or [have] rendered him 'incapable of handling [his] own affairs or unable to function in society.'" *Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Barrett, supra*.) Federal appellate courts have also warned that the burden of establishing extraordinary circumstances remains with the plaintiff and that a "conclusory and vague claim" is "manifestly insufficient" to invoke equitable tolling absent "a particularized description of how [the] condition adversely affected [plaintiff's] capacity to function generally or in relationship to the pursuit of her rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2nd Cir. 2000); *c.f. Wax v. HHS*, 108 Fed Cl. 538, 541 (Fed. Cl. 2012) (noting that petitioners in the Vaccine Program bear the burden of establishing both diligence and extraordinary circumstances to invoke equitable tolling).

Here, although petitioner claims that his alleged vaccine injury resulted in incapacitation, he has failed to describe his symptoms or in what way his alleged injuries incapacitated him. Nor has he provided any medical records to otherwise support his allegation. The only records filed in this case pertain to petitioner's pre-vaccination state of health.[7] Thus, Mr. Taylor's assertion is exactly the type of vague and conclusory statement that federal appellate courts have disallowed for purposes of equitable tolling.

Although Mr. Taylor states that he has 20 of 50 symptoms of GWI[8], federal regulations regarding veteran compensation for Gulf War syndromes or illnesses suggest that the symptoms can include fatigue, headache, muscle or joint pain, sleep disturbances, weight loss, gastrointestinal symptoms, or skin conditions. *See* 38 C.F.R. §3.317(b)(2000); *See also Myers v. U.S.*, 50 Fed. Cl. 674, 686 (Fed. Cl. 2001) (describing 38 C.F.R. §3.317(b)(2000) as setting forth criteria for Gulf War Syndrome). Prior Vaccine Act cases have similarly likened Gulf War Illness to Chronic Fatigue Syndrome. *See Jane Doe/52 v. HHS,* No. [redacted]V, 2009 WL 5206199, *9 (Spec.

---

[6] The undersigned notes, however, that the Federal Circuit has not ruled on that specific question with regard to the Vaccine Act.

[7] Although petitioner sought to rely by reference on medical records on file regarding his social security disability, he has not filed those records with the court. The Vaccine Act requires that all petitions be accompanied by supporting documentation. *See* §300aa-11(c). Moreover, Vaccine Rule 2 similarly requires that petitioners must file "all available medical records supporting the allegations of the petition." Without such filing the undersigned does not have access to the records Mr. Taylor has referenced.

[8] It is not clear on what basis petitioner contends that there are 50 symptoms of GWI. None of the symptoms are described.

Mstr. Fed. Cl. January 4, 2010).[9] Thus, even if potentially disabling, it cannot be assumed that the nature of GWI is such that it is *necessarily* incapacitating to an extent that would prevent Mr. Taylor from engaging in deliberate thought or decision making or otherwise pursuing his rights.

In addition, petitioner's claim of incapacity must be measured against the excessive delay present in this case. Petitioner indicated in his petition that he has suffered his injury for 25 years, placing his filing approximately 22 years beyond the statute of limitation. It is worth noting then that petitioner would need to establish a decades-long, rather than temporary, incapacitation to effectively invoke equitable tolling in this case. In that regard, petitioner's claim of incapacity is contradicted by his assertion that he was able to file his medical records with the Social Security Administration and successfully petition for disability benefits in 2004. (*See* Am. Pet. at 1.) Petitioner's ability to gain disability benefits through the Social Security Administration indicates that, despite suffering disability, Mr. Taylor was sufficiently capable of functioning to pursue his rights as early as ten years ago and there is no evidence that he has experienced the type of disability that would have prevented him from filing his claim for over 20 years.[10] Petitioner's conclusory and vague statement that he was previously incapacitated does not in itself meet his burden.

Moreover, although the timeliness issue is dispositive, it is also significant that neither the petition, amended petition, nor any of the records filed in this case establish that petitioner's injury was vaccine-caused. Gulf War Illness is not a recognized injury on the vaccine Table. 42 C.F.R. §100.3. In addition, although petitioner has claimed that his GWI was caused by his vaccinations, he has not even specifically identified his own symptoms, or provided medical records evincing a diagnosis or opinion on causation. Indeed, to the extent petitioner has filed only pre-vaccination records stating that he is "in excellent health" the fact of petitioner being injured at all, regardless of cause, has not been established.

### III. Conclusion

I have tremendous sympathy for Mr. Taylor. His suffering is terribly unfortunate. I am bound, however, by the Vaccine Act and by the relevant case law, to dismiss his claim as untimely.

---

[9] Although Gulf War Illness was referenced, the petitioner in that case alleged chronic fatigue syndrome, hepatitis, fibromyalgia and polyneuropathy. The cited decision does not address the question of whether Gulf War Illness is vaccine-caused.

[10] Additionally, Mr. Taylor has filed the instant claim without any claim or indication that his allegedly incapacitating disability has improved, abated, or otherwise changed with regard to his ability to function or pursue his rights.

**This case is dismissed as untimely.  The clerk shall enter judgment accordingly.**[11]

                                              **s/ Nora Beth Dorsey**
                                              _____
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[11] If petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."